UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENT RADER | CIVIL ACTION NO: 1:09-CV-01872 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| L.P.N. MISTY COWART, ET AL. | MAG. JUDGE JAMES D. KIRK |

## ANSWER TO COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes LaSalle Management Company, L.L.C., Warden Pat Book, Lieutenant Book, Former Sheriff Ronnie Book, and Misty Cowart (hereinafter referred to as "Defendants"), who deny all allegations of the Complaint, except for those allegations which are admitted, modified or explained and who, with respect, represent the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted by this Court.

### SECOND DEFENSE

The Complaint fails to set forth federal subject matter jurisdiction.

### THIRD DEFENSE

Plaintiff failed to exhaust the administrative remedy procedures. Accordingly, plaintiff cannot proceed with the suit.

1.

It is admitted that plaintiff has filed suit pursuant to 42 U.S.C. § 1983. It is denied that there were any violations of the plaintiff's Fourth, Eighth, or Fourteenth Amendment rights. All other allegations of Paragraph 1 of the Complaint are denied.

2.

It is admitted that the Western District of Louisiana is an appropriate venue to resolve plaintiff's claims. All other allegations of Paragraph 2 of the Complaint are denied.

3.

It is admitted that Rader was an inmate in the custody of the State of Louisiana, through the Department of Public Safety and Corrections. All other allegations of Paragraph 3 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

4.

It is admitted that Rader was legally incarcerated in the Parish of Catahoula, State of Louisiana, in a building called the Catahoula Corrections Center. It is further admitted that the Catahoula Corrections Center is located in Catahoula Parish. All other allegations of Paragraph 4 of the Complaint are denied.

5.

The allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

6.

It is admitted that Louisiana law provides for the responsibilities of the State of Louisiana, through the Department of Public Safety and Corrections, with regard to incarcerated persons. All other allegations of Paragraph 6 of the Complaint are denied.

7.

All allegations of Paragraph 7 of the Complaint are admitted.

8.

All allegations of Paragraph 8 of the Complaint are denied.

9.

All allegations of Paragraph 9 of the Complaint are denied.

10.

All allegations of Paragraph 10 of the Complaint are denied.

11.

It is admitted that Misty Cowart was a medical care provider for inmates housed at the Catahoula Corrections Center. All other allegations of Paragraph 11 of the Complaint are denied.

12.

All allegations of Paragraph 12 of the Complaint are denied.

13.

It is admitted that Cowart has personal knowledge of the medical care actually provided to Rader, but not as alleged by Rader. All other allegations of Paragraph 13 of the Complaint are denied.

14.

All allegations of Paragraph 14 of the Complaint are denied, except to admit that plaintiff worked in food service, which department was managed by Lt. Book.

15.

It is admitted that Sheriff Ronnie Book was, formerly, the Sheriff of Catahoula Parish. All other allegations of Paragraph 15 of the Complaint are denied.

16.

It is admitted that Warden Pat Book was the Warden at the Catahoula Corrections Center. All other allegations of Paragraph 16 of the Complaint are denied.

17.

All allegations of Paragraph 17 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

18.

All allegations of Paragraph 18 of the Complaint are denied.

19.

All allegations of Paragraph 19 of the Complaint are admitted.

20.

It is admitted that there is a contract which concerns the housing of inmates at the Catahoula Corrections Center. All other allegations of Paragraph 20 of the Complaint are denied.

21.

All allegations of Paragraph 21 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

22.

All allegations of Paragraph 22 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

23.

All allegations of Paragraph 23 of the Complaint are denied.

24.

All allegations of Paragraph 24 of the Complaint are denied.

25.

It is admitted that on January 18, 2008, plaintiff was examined at Huey P. Long Medical Center for complaints of an eye problem. All other allegations of Paragraph 25 of the Complaint are denied.

26.

It is admitted that on January 18, 2008, plaintiff was transported to the Huey P. Long Medical Center where, based upon information and belief, the referral was requested. All other allegations of Paragraph 26 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

27.

It is admitted that Rader was returned to the Catahoula Corrections Center on January 18, 2008. All other allegations of Paragraph 27 of the Complaint are denied.

28.

All allegations of Paragraph 28 of the Complaint are denied.

29.

All allegations of Paragraph 29 of the Complaint are denied.

30.

All allegations of Paragraph 30 of the Complaint are denied.

31.

All allegations of Paragraph 31 of the Complaint are denied.

32.

All allegations of Paragraph 32 of the Complaint are denied.

33.

All allegations of Paragraph 33 of the Complaint are denied.

34.

All allegations of Paragraph 34 of the Complaint are denied for lack of sufficient information upon which to base a belief therein, except to admit that Cowart did take a medical leave for pregnancy.

35.

It is admitted that Stott assisted in securing medical care for Rader. All other allegations of Paragraph 35 of the Complaint are denied.

36.

It is admitted that Stott assisted in securing medical care for Rader. All other allegations of Paragraph 36 of the Complaint are denied.

37.

All allegations of Paragraph 37 of the Complaint are denied.

38.

All allegations of Paragraph 38 of the Complaint are denied for lack of sufficient information upon which to base a belief therein, except to admit that plaintiff did receive additional care and treatment at LSU-S Medical Center in October and November, 2008.

39.

It is admitted that Rader received adequate medical care throughout his incarceration through visits to various health care providers for eye complaints. All other allegations of Paragraph 39 of the Complaint are denied.

40.

All allegations of Paragraph 40 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

41.

All allegations of Paragraph 41 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

42.

All allegations of Paragraph 42 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

43.

All allegations of Paragraph 43 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

44.

All allegations of Paragraph 44 of the Complaint are denied.

45.

All allegations of Paragraph 45 of the Complaint are denied.

46.

All allegations of Paragraph 46 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

47.

All allegations of Paragraph 47 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

48.

All allegations of Paragraph 48 of the Complaint are denied.

49.

All allegations of Paragraph 49 of the Complaint are denied.

50.

All allegations of Paragraph 50 of the Complaint are denied.

51.

All allegations of Paragraph 51 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

52.

All allegations of Paragraph 52 of the Complaint are denied.

53.

All allegations of Paragraph 53 of the Complaint are denied.

54.

All allegations of Paragraph 54 of the Complaint are denied.

55.

All allegations of Paragraph 55 of the Complaint are denied.

56.

All allegations of Paragraph 56 of the Complaint are denied.

57.

All allegations of Paragraph 57 of the Complaint are denied.

58.

All allegations of Paragraph 58 of the Complaint are denied.

59.

All allegations of Paragraph 59 of the Complaint are denied.

60.

All allegations of Paragraph 60 of the Complaint are denied for lack of sufficient information upon which to base a belief therein, except to admit that Cowart was informed that Huey P. Long Hospital would request a referral to LSU-S Medical Center and that confirmation of the referral would be mailed.

61.

All allegations of Paragraph 61 of the Complaint are denied.

62.

All allegations of Paragraph 62 of the Complaint are denied.

63.

All allegations of Paragraph 63 of the Complaint are denied.

64.

All allegations of Paragraph 64 of the Complaint are denied.

65.

All allegations of Paragraph 65 of the Complaint are denied.

66.

All allegations of Paragraph 66 of the Complaint are denied.

67.

All allegations of Paragraph 67 of the Complaint are denied.

68.

All allegations of Paragraph 68 of the Complaint are denied.

69.

All allegations of Paragraph 69 of the Complaint are denied.

70.

All allegations of Paragraph 70 of the Complaint are denied.

71.

All allegations of Paragraph 71 of the Complaint are denied.

72.

All allegations of Paragraph 72 of the Complaint are denied.

73.

All allegations of Paragraph 73 of the Complaint are denied.

74.

All allegations of Paragraph 74 of the Complaint are denied.

75.

All allegations of Paragraph 75 of the Complaint are denied.

76.

All allegations of Paragraph 76 of the Complaint are denied.

77.

All allegations of Paragraph 77 of the Complaint are denied.

78.

All allegations of Paragraph 78 of the Complaint are denied.

79.

All allegations of Paragraph 79 of the Complaint are denied.

80.

All allegations of Paragraph 80 of the Complaint are denied.

81.

All allegations of Paragraph 81 of the Complaint are denied.

82.

All allegations of Paragraph 82 of the Complaint are denied.

83.

All allegations of Paragraph 83 of the Complaint are denied.

84.

All allegations of Paragraph 84 of the Complaint are denied.

85.

All allegations of Paragraph 85 of the Complaint are denied.

86.

Paragraph 86 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 86 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

87.

Paragraph 87 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 87 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

88.

Paragraph 88 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 88 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

89.

Paragraph 89 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 89 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

90.

Paragraph 90 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 90 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

91.

Paragraph 91 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 91 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

92.

Paragraph 92 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 92 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

93.

Paragraph 93 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 93 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

94.

Paragraph 94 of the Complaint contains allegations of law which do not require an answer; however, in an abundance of caution, all allegations of Paragraph 94 of the Complaint are denied for lack of sufficient information upon which to base a belief therein.

95.

All allegations of Paragraph 95 of the Complaint are denied.

**FOURTH DEFENSE**

All actions taken by any individual defendant were actions taken by an official who had a reasonable, good-faith belief that the action(s) was legal and constitutional and, thus, all are immune from liability.

## FIFTH DEFENSE

Defendants submit that all claims and causes of action under federal and state law are prescribed; thus, the entire claim is frivolous and without basis in fact or law.

## SIXTH DEFENSE

Defendants aver that plaintiff's claims under 42 U.S.C. §1983, et. seq., will be determined to be unfounded and not adequately supported by facts or law; accordingly, under 42 U.S.C. §1988, defendants are entitled to all costs of suit, including reasonable attorneys' fees.

## SEVENTH DEFENSE

All individual defendants affirmatively allege no liability for any injury of Rader because all actions were within the scope of their discretionary authority, thereby entitling all to discretionary immunity pursuant to state and federal law.

## EIGHTH DEFENSE

All individual defendants affirmatively allege entitlement to the protections and/or immunities afforded by state law, including but not limited to, the protections afforded by LSA-R.S. 9:2798.1 and/or LSA-R.S. 13:5101, et seq.

## NINTH DEFENSE

All individual defendants affirmatively allege entitlement to all limitations on damages, interest, and costs afforded by state law, including but not limited to, LSA-R.S. 13:5106 and 13:5112.

WHEREFORE, Defendants, LaSalle Management Company, L.L.C., Warden Pat Book, Lieutenant Book, Former Sheriff Ronnie Book, and Misty Cowart pray that:

1. This Answer be deemed good and sufficient;

2. After due proceedings are had, there be judgment herein dismissing the claims of plaintiff, at his costs;

3. For all costs herein, including reasonable attorneys' fees

4. That plaintiff's claims be declared frivolous; and

5. For all other just, general and equitable relief.

Respectfully submitted:

PROVOSTY, SADLER, deLAUNAY
FIORENZA & SOBEL, APC


By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
934 Third Street, Suite 800
P.O. Drawer 1791
Alexandria, LA 71309-1791
318/445-3631

ATTORNEYS FOR DEFENDANTS,
LaSALLE MANAGEMENT COMPANY, L.L.C.
WARDEN PAT BOOK, LIEUTENANT BOOK,
FORMER SHERIFF RONNIE BOOK, and
MISTY COWART

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 7th day of January, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

John Christopher Alexander, Sr., Esq.
The Alexander Law Firm L.L.C.
3751 Government Street, Suite A
Baton Rouge, Louisiana 70806


    I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: None


                            /s/ H. Bradford Calvit
                            H. BRADFORD CALVIT