RECEIVED
IN ALEXANDRIA, LA
JUL - 9 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KENT RADER,<br>    Plaintiff | CIVIL ACTION<br>NO. 1:09-CV-01872 |
| VERSUS | |
| MISTY COWART, et al.,<br>    Appellee | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Kent Rader ("Rader") on October 30, 2009, and amended on November 20, 2009 (Doc. 5). The named defendants are Misty Cowart ("Cowart")(an LPN employed at the Catahoula Corrections Center ("CCC") in Harrisonburg, Louisiana), the Louisiana Department of Public Safety and Corrections ("LADPSC"), Ronnie Book, both individually and in his official capacity as the former Catahoula Parish Sheriff, the Catahoula Parish Police Jury ("CPPJ"), LaSalle Management Co., LLC (the private operator of the Catahoula Corrections Center), Lieutenant Book, and James Glen Kelly, both individually and in his official capacity as the current Catahoula Parish Sheriff (elected November 17, 2007).

Rader alleges that, while he was confined in the Catahoula Corrections Center in October 2007 through 2009, he was denied

lack of medical care, he has permanently lost vision. Rader alleges both Eighth Amendment and state law claims, including intentional infliction of emotional distress. For relief, Rader asks for monetary damages, attorney fees, interest, and costs. At the time of filing this suit, Rader was no longer incarcerated.

Defendant Kelly has not yet been served or waived service (see Doc. 14).[2] The other defendants answered the complaint (Docs. 10, 12, 16). Cowart, Pat Book, Ronnie Book, Lt. Book and LaSalle Management filed a motion to dismiss (Doc. 18); Rader filed a brief in opposition (Doc. 26) and plaintiffs filed a reply brief (Doc. 31). The CPPJ filed a motion for summary judgment (Doc. 20); Rader filed a brief in opposition (Doc. 27) and the CPPJ filed a reply brief (Doc. 28). The LADPSC also filed a motion to dismiss (Doc. 24), which is unopposed.

### 1. LADPSC Motion to Dismiss

The LADPSC filed a motion to dismiss Rader's suit for lack of

---

alleges that LaSalle Management, as Cowart's employer, was aware of Cowart's misconduct and did nothing to stop it, and is liable to Rader
under state law pursuant to the doctrine of respondeat superior. Rader also alleges the wardens were aware of Cowart's misconduct and effectively ratified it.

[2] A successor sheriff may be held liable in his *official* capacity for the torts for which his predecessor in office was liable in his official capacity. Riley v. Evangeline Parish Sheriff's Office, 94-0202 (La. 4/4/94), 637 So.2d 395, citing Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669, 671 (La. 1981). Also, Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999).

subject matter jurisdiction (Doc. 24). Rader has not filed an opposition to that motion.

A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th.Cir. 1988); Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe, 753 F.2d at 1101. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

4

The Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. The Fifth Circuit has established six factors for determining whether a particular entity is entitled to Eleventh Amendment immunity: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity exercises; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988).

It has already been held that the Louisiana Department of Public Safety and Corrections is an arm of the State of Louisiana and is entitled to Eleventh Amendment immunity. Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). See also, Loya v. Texas Dept. of Corrections, 878 F.2d 860 (5th Cir. 1989). Therefore, the LADPSC's unopposed motion to dismiss should be granted.

### 2. Motion for Summary Judgment by CPPJ

The CPPJ filed a motion for summary judgment (Doc. 20) contending it did not own the CCC building during the relevant period and does not own it now, did not employ or have custody of anyone at the CCC, and did not operate the CCC.

5

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be

evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, *mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment.* Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

Under Louisiana law, the police jury is required to provide a good and sufficient jail, La. R.S. 33:4715, and to be responsible for the physical maintenance of all parish jails and prisons, La. R.S. 15:702, and to pay all expenses incurred in "the arrest, confinement, maintenance and prosecution of persons accused or convicted of crimes, La. R.S. 15:304. The Police Jury has no responsibility over the daily operation of the jail. The administration of the jails is the province of the sheriff. O'Quinn v. Manuel, 773 F.2d 605, 609 (5th Cir. 1985). Also, Amiss v. Dumas, 411 So.2d 1137, 1141 (La. App. 1st Cir. 1982), writ den.,

7

415 So.2d 940 (La. 1982). One of the operating expenses for which the police jury is responsible is the expense for providing medical care to the prisoners. <u>Southwest Louisiana Hospital Ass'n v. Hunt</u>, 551 So.2d 818, 820 (La. App. 3d Cir. 1989), writ not considered, 556 So.2d 1256 (La. 1990).

In the case at bar, the CPPJ submitted an affidavit by Pattie Mizell, the CPPJ secretary/treasurer, who simply states that CPPJ does not own the CCC building, did not maintain or insure the CCC, and did not employ any one to work there or have custody of the inmates there (Doc. 20, Ex. A). The CPPJ shows the same thing again in a statement of undisputed facts (Doc. 20).

Although the CPPJ contends it did not own, maintain, or operate the CCC, it does not show who did own CCC and for how long, and who paid for the operating expenses of CCC.[3] Since the police jury is legally responsible for providing a jail facility and paying for the operating expenses, the CPPJ cannot absolve itself of its legal responsibility with a bald denial of responsibility. At the least, the CPPJ needs to demonstrate to the court how it absolved itself of its legal responsibility.

CPPJ also argues that, since operating expenses are not an issue in this case, it would be entitled to a dismissal even if it was responsible for providing operating expenses. However, Rader

---

[3] LaSalle Management contractually undertook to operate the CCC, but did not own the CCC facility.

8

has clearly alleged an unconstitutional policy for denial of medical care in order to reduce expenses and save money. If CPPJ is legally responsible for the operating expenses of CCC, then Rader has stated a claim against CPPJ for implementing a policy which resulted in the denial of his Eighth Amendment right to medical care.

As plaintiff points out, discovery has not been completed in this case. There is simply not enough information in the record on which the court can render a summary judgment on this issue. Therefore, the CPPJ's motion for summary judgment should be denied at this time.

### 3. Motion to Dismiss by LaSalle Management, LPN Cowart, Lt. Book, Warden Book and Sheriff Book

Defendants Cowart, Book, Book and Kelly filed a motion to dismiss this action as untimely.

Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985); <u>McGregor v. LSU Bd. of Supervisors</u>, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994). This prescriptive period commences to run from the date injuries or damages are sustained, <u>Washington v. Breaux</u>, 782 F.2d 553, 554 (5th Cir. 1986) or, under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, <u>McGregor</u>, 3 F.3d at 865. Also,

Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979). The continuing violation theory provides that where the last act alleged is part of an ongoing pattern of unconstitutional conduct and occurs within the filing period, allegations concerning earlier acts are not time-barred. McGregor, 3 F.3d at 866.

Under the continuing violation theory, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period, if the plaintiff can show a series of related acts, one or more of which falls within the limitations period. Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004). To find a continuing violation, the court must consider whether the discriminatory acts involve the same type of discrimination, the frequency of the acts, and whether the acts involve a degree of permanence which should trigger an employee's awareness and duty to assert his or her rights. Berry v. Bd. of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir. 1983). As the Fifth Circuit has stated: "The end goal of the continuing violation theory is to accommodate plaintiffs who can show that there has been a pattern or policy of [unconstitutional acts] continuing from outside the limitations period into the statutory limitations period, so that all of the [unconstitutional] acts committed as part of this pattern or policy can be considered timely.'" Pegram, 361 F.3d at 279, and cases cited therein.

Defendants contend that, according to Rader's allegations, his

eye problems were diagnosed at Huey P. Long Medical Center in January 2008, he was then denied prescribed medical care by Cowart for ten months, until Officer Stott arranged for him to have medical care in October 2008, and this suit was filed on October 30, 2009. Defendants contend Rader's action is untimely, since he knew he needed denied medical care from January 2008 until he received medical care in October 2008, but did not file a suit until October 30, 2009.

However, Rader also alleged in his complaint that he began having eye pain and discomfort and vision problems in October 2007, for which he went to the infirmary for several times between October 2007 and January 2008 without receiving medical care. Rader further alleged that, after Cowart returned from maternity leave in January 2009, she again stopped Rader's treatments and Rader was unable to resume his treatments until after he was released from incarceration in May 2009. Rader has clearly alleged a pattern of conduct for denial of medical care for Rader's eye disease by LPN Cowart which constitutes an ongoing violation. The ultimate result of the denial of medical care was the permanent loss of vision; that injury was continuing until Rader's medical treatment was completed and further vision loss effectively prevented.

Therefore, assuming the facts alleged in Rader's complaint are true for purposes of this motion, Rader has alleged an ongoing

violation by defendants from October 2007 through May 2009. Since, pursuant to the doctrine of continuing violation, the latest date Rader's complaint could be filed was May 2010 and it was filed on October 30, 2009, his complaint was filed within the one year limitations period. The motion to dismiss for untimeliness filed by Cowart, Warden Book, Lt. Book, Sheriff Book, and LaSalle Management should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion to dismiss filed by the Louisiana Department of Public Safety and Corrections be GRANTED and that Rader's action against the Louisiana Department of Public Safety and Corrections be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the motion for summary judgment filed by the Catahoula Parish Police Jury be DENIED.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by Cowart, Warden Book, Lt. Book, Sheriff Book, and LaSalle Management be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response

or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 9th day of July, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

13