

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KENT RADER | CIVIL ACTION NO. 09-1872 |
| VERSUS | JUDGE TRIMBLE |
| MISTY COWART, ET AL. | MAGISTRATE JUDGE KIRK |

## J U D G M E N T

Before the court is are various dispositive motions filed by defendants in the above captioned case. These motions were referred to U.S. Magistrate Judge James D. Kirk for issuance of report and recommendation pursuant to this court's Standing Order 3.211. The magistrate judge issued the requested report and recommendation on July 9, 2010 and, therein, allowed a delay of fourteen (14) days from the date of its issuance during which the parties may file written objections. Additionally, the magistrate judge allowed the parties another fourteen (14) days after the filing of any such objections during which to file responses to any objections filed.[1] The delays for all such filings having now lapsed, we find the record complete as to these issues and, therefore, address the pending motions below.

The magistrate judge's report and recommendation recommends that the motion to dismiss for lack of subject matter jurisdiction filed by the Louisiana Department of Public Safety and Corrections "LADPSC")[2] be granted on the basis that the magistrate judge concurs with LADPSC's

---

[1] R. 33.

[2] R. 24.

argument that it is considered an "arm of the state" for purposes of the Eleventh Amendment to the U.S. Constitution and, under that amendment, is immune from suit in federal court.[3] Having reviewed the entire record in this case, noting the absence of objections as to this portion of the report and recommendation, and concurring with the magistrate judge's findings under applicable law, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and, accordingly, all claims against LADPSC by plaintiff in the above captioned case are **DISMISSED** without prejudice for lack of subject matter jurisdiction, reserving unto plaintiff the right to file suit against LADPSC in an appropriate state court, if desired.

The magistrate judge's report and recommendation also recommends that the motion for summary judgment filed by defendant Catahoula Parish Police Jury ("CPPJ") be denied on the basis that a genuine issue of material fact exists as to whether or not CPPJ owns and/or is responsible for operating expenses, including prisoner medical care expenses of Catahoula Corrections Center ("CCC").[4] CPPJ filed written objection to the report and recommendation, arguing that it had proven that CPPJ is not the owner of the CCC and is not responsible for operating expenses at that facility and, given that ownership of CCC is the sole basis for plaintiff's claim against CPPJ, its motion for summary judgment should be granted.[5]

The court has reviewed the entire record, including CPPJ's objection, and finds that the magistrate judge's reasoning does not conform to applicable jurisprudence conclusively establishing

---

[3] R. 33 at pp. 3-5.

[4] R. 33 at pp. 5-9.

[5] R. 34.

that a police jury, though statutorily charged with providing a jail under La. R.S. 33:4715, has no legal duty with respect to the daily operation or management of that jail.[6] As cited by CPPJ in its objection, the decision of the Louisiana Third Circuit Court of Appeal in <u>Southwest Louisiana Hospital Association v. Hunt</u> rested on the police jury's statutory obligation to provide funding and did not impose a legal duty on the police jury in that case beyond its role as guarantor of operating expenses.[7] Accordingly, we agree with CPPJ that, even if the prison at issue were deemed a parish prison, a fact contested by CPPJ, plaintiff would still not have a cause of action against CPPJ for deprivation of medical care in this case. Based on these findings it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the motion for summary judgment filed by the Catahoula Parish Police Jury[8] is **GRANTED** in all respects and, accordingly, all claims by plaintiff against Catahoula Parish Police Jury in the above captioned suit are **DISMISSED** with prejudice.

The magistrate judge's report and recommendation recommends that the motion to dismiss filed by defendants Pat Book, Ronnie Book, Misty Cowart, and LaSalle Management Co., LLC be denied on the basis that these defendants are not entitled to dismissal based on the defense of prescription. Specifically, the magistrate judge found that the theory of continuing violation applied to plaintiff's claims of inadequate medical treatment and, thus, his October 2009 suit was timely.[9]

---

[6] <u>O'Quinn v. Manuel</u>, 773 F.2d 605 (5th Cir. 1985); <u>Quatroy v. Jefferson Parish Sheriff's Office</u>, 2009 WL 1380196 (E.D. La. 2009); <u>Wood v. Maryland Cas. Co.</u>, 355 F. Supp. 436 (W.D. La. 1971).

[7] 551 So.2d 818 (La. App. 3 Cir. 1989).

[8] R. 20.

[9] <u>Id.</u> at pp. 9-12.

Defendants filed objections to the magistrate judge's report and recommendation, arguing that continuing tort theory was inappropriately applied to the facts of this case. Defendants assert that Fifth Circuit jurisprudence rejects the application of continuing tort theory to due process claims, citing McGregor v. Louisiana State University, 3 F.3d 850 (5th Cir. 1993).

We agree with defendants that continuing violation theory is inapplicable in this case under Fifth Circuit jurisprudence such as McGregor and the cases cited therein, but still find that defendants' motion should be denied. As cited by defendants, a cause of action under 42 U.S.C. § 1983 generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action.[10] Plaintiff's suit is based on permanent, irreversible injury to his vision which is alleged to have resulted from denial of medical treatment by defendants. Thus, the court must determine when plaintiff knew or should have known that the denial of medical treatment was causing or had resulted in the permanent loss of vision which is the subject of this complaint.

Plaintiff's complaint clearly asserts that he was informed, during a visit to Doctors Taba and Mindeola in November or December of 2008, for the first time that his vision was impaired by a condition known as ocular histoplasmosis which would have been curable if treated timely.[11] Plaintiff asserts that he was informed during this visit that, as a result of the delay in treatment, his vision loss was permanent and irreversible.[12] While plaintiff requested medical attention for his vision problems as early as 2007, the record before the court supports a finding that plaintiff was apprised of his diagnosis and of the effect of delayed treatment much later. Defendants offer no

---

[10]Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980).

[11]R. 1 at ¶¶ 40 - 42.

[12]Id.

evidence that plaintiff was aware of his diagnosis at any point prior to November or December of 2008. Were plaintiff able to diagnose and treat his own medical condition, any alleged deprivation by defendants would be moot. We do not impose that burden on plaintiff in these proceedings.

Louisiana's one year prescriptive period under La. Civ. C. Art. 3492 applies to suits under 42 U.S.C. § 1983 alleging constitutional violations by Louisiana state officials.[13] Accordingly, we find that plaintiff's cause of action based on injury to his vision accrued no later than December 31, 2008. Plaintiff's suit, filed October 30, 2009, is timely. Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss is **DENIED** on the basis that this court finds that plaintiff's suit was filed within the applicable one year prescriptive period which began to run on December 31, 2009 at the latest, as the evidence before the court demonstrates that on such date, plaintiff acquired knowledge of his claim.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 2nd day of September, 2010.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[13] La. Civ. C. Art. 3492; Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994); Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989).