RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/12/12
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KENT RADER,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:09-CV-01872 |
| VERSUS | |
| MISTY COWART, et al.,<br>    Appellee | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Kent Rader ("Rader") on October 30, 2009, and amended on November 20, 2009 (Doc. 5). The named defendants are Misty Cowart ("Cowart")(an LPN employed at the Catahoula Corrections Center ("CCC") in Harrisonburg, Louisiana), the Louisiana Department of Public Safety and Corrections ("LADPSC"), Ronnie Book (both individually and in his official capacity as the former Catahoula Parish Sheriff), Warden Pat Book, the Catahoula Parish Police Jury ("CPPJ"), LaSalle Management Co., LLC (the private operator of the Catahoula Corrections Center), Lieutenant Book, and James Glen Kelly (both individually and in his official capacity as the current Catahoula Parish Sheriff).[1]

---

[1] A successor sheriff may be held liable in his *official* capacity for the torts for which his predecessor in office was liable in his official capacity. Riley v. Evangeline Parish Sheriff's Office, 94-0202 (La. 4/4/94), 637 So.2d 395, citing Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669, 671

Rader alleges that, while he was confined in the Catahoula Corrections Center in October 2007 through 2009, he was denied medical care for ocular histoplasmosis by LPN Cowart and LaSalle Management, whom he contends were deliberately indifferent to his serious medical needs. Rader contends that, as a result of the lack of medical care, he has permanently lost vision. Rader alleges both Eighth Amendment and state law claims, including intentional infliction of emotional distress. For relief, Rader asks for monetary damages, attorney fees, interest, and costs. At the time of filing this suit, Rader was no longer incarcerated.

The defendants answered the complaint (Docs. 10, 12, 16, 47). The motion to dismiss filed by Cowart, Pat Book, Ronnie Book, Lt. Book, and LaSalle Management was denied (Doc. 18, 39). The motion for summary judgment filed by the Catahoula Parish Police Jury was granted (Doc. 20, 39), and the motion to dismiss filed by the Louisiana Department of Public Safety and Corrections was granted (Docs. 24, 39).

Cowart, Pat Book, Ronnie Book, Lt. Book, LaSalle Management, and Kelly next filed a motion for summary judgment (Doc. 54), to which Rader filed a response in opposition (Doc. 56), and defendants filed a reply (Doc. 61).

Defendants' motion for summary judgment is filed solely on the

---

(La. 1981). Also, <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 470 (5th Cir. 1999).

ground of prescription. However, in his ruling on defendants' motion to dismiss, the district judge held that Rader's cause of action based on injury to his vision accrued no later than December 31, 2008, and therefore his action, filed on October 30, 2009, was filed timely (Doc. 39). The defendants are re-urging in their motion for summary judgment an issue the district court has already ruled on.

According to the doctrine of collateral estoppel, or issue preclusion, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194 (1970). Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision. The relitigation of an issue is not precluded unless the facts and the legal standard used to assess them are the same in both proceedings. Pace v. Bogalusa City School Bd., 403 F.3d 272, 290 (5th Cir.), cert. den., 546 U.S. 933, 126 S.Ct. 416 (2005), citing Southmark Corp. v. Coopers & Lybrand (In re: Southmark Corp.), 163 F.3d 925, 932 (5th Cir.1999), and RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1291 (5th Cir.1995).

In the case at bar, the issue of prescription was raised in defendants' motion to dismiss, litigated, and ruled on by the

3

district court in a final, appealable judgment. Since this issue has already been considered and ruled on in this court, this motion should be denied as repetitive and, pursuant to the principle of issue preclusion, should not be reconsidered in this court.

Therefore, defendants' motion for summary judgment on the issue of prescription should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. 54) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 11th day of December 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE